1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SYLVIA THOMAS,

11            Plaintiff,                    No. 2:13-cv-745-MCE-EFB PS

12        vs.

13    UNITED AIR LINES, INC.;
      RAFAEL PADILLA CRUZ; and
14    DOES 1-50, inclusive,
                                            ORDER AND
15            Defendants.                   FINDINGS AND RECOMMENDATIONS
      _____/
16

17        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

18    Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On May 21,

19    2013, defendant United Air Lines, Inc. ("UAL") filed a motion to dismiss plaintiff's complaint,

20    and noticed the motion for hearing on July 17, 2013.  Dckt. Nos. 5, 9.  Plaintiff opposes the

21    motion.  Dckt. No. 11.  For the reasons stated herein, the motion must be granted.

22    I.      BACKGROUND

23        Plaintiff's complaint alleges that defendants' negligence caused her to suffer personal

24    injuries during a United Air Lines flight on August 19, 2009.  Dckt. No. 1 at 2.  Plaintiff

25    originally filed suit in Sacramento County Superior Court on August 17, 2011.  Ex. A to Pl.'s

26    ////

                                            1

1  Compl., Dckt. No. 1 at 7-11; *see also* UAL Req. for Jud. Not., Ex. A.[1]  The state court case was

2  scheduled for trial to begin on April 8, 2013, but on April 3, 2013, plaintiff filed a Request for

3  Dismissal of the entire action and a dismissal was entered the same day.  Exs. B, C to Pl.'s

4  Compl., Dckt. No. 1 at 14-15, 59; *see also* UAL Req. for Jud. Not., Exs. B, C.

5        Then, on April 17, 2013, plaintiff filed a complaint herein, which she labeled an

6  "Amended Complaint."  Dckt. No. 1.  She alleges that this court has diversity jurisdiction

7  because plaintiff is a resident of California, and both UAL and defendant Rafael Padilla Cruz are

8  alleged to be citizens of Illinois, and the amount in controversy exceeds $75,000.[2]  *Id.* at 1-3; *see*

9  *also* Dckt. No. 1-1.

10        UAL now moves to dismiss, arguing that the complaint, on its face, demonstrates that

11  plaintiff's suit for personal injury is barred by the statute of limitations.[3]  Dckt. No. 5.

12  II.    UNITED AIR LINES' MOTION TO DISMISS

13      A.    Standards

14        To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

15  must contain more than a "formulaic recitation of the elements of a cause of action"; it must

16  contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

17  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

18

19      [1] UAL's request for judicial notice of the state court records cited herein is granted.  *See* Dckt. No. 5-2.  A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

20

21      [2] Although plaintiff argues in her opposition that this court also has federal question jurisdiction under the Federal Aviation Act, plaintiff does not allege a claim under that Act in her complaint.  Dckt. No. 11 at 3.  Additionally, although plaintiff contends that UAL's affirmative

22  defense of preemption creates federal question jurisdiction, *id.*, defenses are not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. *Valles v. Ivy*

23  *Hill Corp.,* 410 F.3d 1071, 1075 (9th Cir. 2005)  ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is

24  anticipated in the plaintiff's complaint.").

25      [3] The other defendant named in the complaint, Rafael Padilla Cruz, has not appeared, and the docket does not reflect that he has been served.  Accordingly, as discussed below, plaintiff will

26  be ordered to show cause why that defendant should not be dismissed.

1   . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

2   action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

3   236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to

4   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

5   (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

6   pleads factual content that allows the court to draw the reasonable inference that the defendant is

7   liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of

8   cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

9   theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10          In considering a motion to dismiss, the court must accept as true the allegations of the

11   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

12   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

13   in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

14   (1969).

15          The court is mindful of plaintiff's pro se status. Pro se pleadings are held to a less

16   stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21

17   (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to

18   notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d

19   1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However,

20   although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773

21   F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements

22   of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of

23   Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not

24   required to accept legal conclusions cast in the form of factual allegations if those conclusions

25   cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*,

26   ////

18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

        B.     <u>Discussion</u>

        UAL argues that this complaint is time-barred.  *See generally* Dckt. No. 5-1.  UAL

contends that because the personal injury allegations are based on an August 2009 alleged

incident, California's two year statute of limitations for negligence claims expired in August

2011.  *Id.* at 3 (citing Cal. Civ. Proc. Code § 335.1; *Crowley v. Peterson*, 206 F. Supp. 2d 1038

(C.D. Cal. 2002) (noting that when a plaintiff is injured as the result of an accident, the statute of

limitations on a personal injury claim begins to run when the accident occurs)).  UAL argues that

because plaintiff filed her complaint on April 17, 2013, well beyond the expiration of the statute

of limitations, her claims are time-barred.  *Id.*

        Plaintiff opposes the motion, arguing that her complaint in federal court is an "amended

complaint" that relates back to the date her original complaint in state court, which she says was

timely filed.  Dckt. No. 11 at 5.  Plaintiff contends that she dismissed her entire state action

without prejudice on April 2, 2013 "at the advice of her doctor" and that she also "discovered her

complaint should have been filed in federal court . . . ."  *Id.* at 3.  Therefore, plaintiff contends

that she "amended her complaint . . . and re-filed her complaint in federal court within 30 days

. . . ."  *Id.*  Plaintiff also argues that if a complaint is mistakenly filed in a court without

jurisdiction, the plaintiff is entitled to have the case transferred to the proper court as long as the

action was originally timely filed.  *Id.* at 6.  Plaintiff also requests that she be given leave to

amend if the motion to dismiss is granted.  *Id.*

        Plaintiff does not dispute that California Code of Civil Procedure section 335.1 applies

here, nor does she dispute that Section 335.1 establishes a two year statute of limitations for

personal injury claims.  Cal. Civ. Proc. Code § 335.1; *Guaranty Trust Co. of New York v. York*,

326 U.S. 99, 110 (1945); *see also* Dckt. No. 11 at 3.  She also does not dispute that her personal

injury claim is based on an alleged incident that occurred in August 2009.  Dckt. No. 11 at 2.

1    Therefore, it appears plaintiff's claim against UAL is barred by the statute of limitations.

2         Although plaintiff argues that her federal court complaint is merely an "amended

3    complaint" and that therefore it relates back to the date that she filed her original complaint in

4    state court, that argument is without merit.  Plaintiff's complaint herein is not an amended

5    complaint; rather, it is plaintiff's initial complaint in federal court following plaintiff's voluntary

6    dismissal of her state court action.  Although the voluntary dismissal was without prejudice,

7    which would allow plaintiff to re-file the action, the dismissal did not toll running of the statute

8    of limitations.  Rather, the dismissal of the state court action had the effect of terminating that

9    lawsuit as if no lawsuit had been filed.  *Paniguia v. Orange County Fire Authority*, 149 Cal.

10   App. 4th 83, 89 (2007) ("A plaintiff's voluntary dismissal of his action has the effect of an

11   absolute withdrawal of his claim and leaves the defendant as though he had never been a party

12   . . . .  When [as in this case] an action is wilfully dismissed by the plaintiff against . . . a sole

13   defendant it is as though no action had ever been filed.") (quoting *Cook v. Stewart McKee & Co.,*

14   68 Cal. App. 2d 758, 761 (1945)).  Therefore, plaintiff's purported "amended complaint" in

15   federal court does not relate back to the date she filed her original state court complaint, which

16   she voluntarily dismissed.  *Troche v. Daley*, 217 Cal. App. 3d 403, 412 (1990) (holding that the

17   plaintiff's voluntary dismissal of a defendant in an earlier action had the effect of removing that

18   defendant from the lawsuit as if it had never existed, and a subsequent attempt to file an

19   "amended" pleading against that defendant was barred by the statute of limitations).

20        Additionally, although plaintiff argues that when a complaint is mistakenly filed in a

21   court without jurisdiction, the plaintiff is entitled to have the case transferred to the proper court

22   as long as the action was originally timely filed, cases are not "transferred" from state court to

23   federal court.  The cases and statute plaintiff cite relate to transfers of actions from a state

24   superior court to a state appellate court.  *See* Cal. Civ. Proc. Code § 396(b) ("If the superior court

25   lacks jurisdiction of an appeal or petition, and a court of appeal or the Supreme Court would

26   have jurisdiction, the appeal or petition shall be transferred to the court having jurisdiction

. . . .").  Regardless, plaintiff has not shown that the California court lacked jurisdiction over her original complaint, or that she sought to have the case "transferred" to this court.  Rather, plaintiff dismissed her action in state court and filed a new action in federal court.

Accordingly, plaintiff's claim against UAL is barred by the statute of limitations and must be dismissed.  Because it appears that amendment of her claim against UAL would be futile, plaintiff will not be provided an opportunity to amend that claim.  *See Noll*, 809 F.2d at 1448 (while the court would normally grant a pro se plaintiff a chance to amend her complaint, the court will not grant leave to amend where it is clear that no amendment can cure the complaint's defects).

III.   ORDER TO SHOW CAUSE REGARDING SERVICE ON CRUZ

Defendant Rafael Padilla Cruz has not moved to dismiss plaintiff's complaint or otherwise appeared in this action.  However, it does not appear from the docket that Cruz has been timely and properly served.  Therefore, plaintiff will be ordered to show cause why Cruz should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's previous orders.  *See* Dckt. No. 3; Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(*l*)(1) (requiring that proof of service be made to the court); E.D. Cal. L.R. 210(b) (same); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Failure to timely comply with this order may result in sanctions, including a recommendation that defendant Cruz and/or this action be dismissed for lack of prosecution, for failure to follow ////

6

this court's orders and Local Rules, and/or for failure to effect service of process within the time prescribed by Rule 4(m).

IV.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    The July 17, 2013 hearing on defendant United Air Lines' motion to dismiss, Dckt. No. 5, is vacated.

2.    The status (pretrial scheduling) conference currently set for August 21, 2013 is vacated.[4]

3.    Plaintiff shall show cause, in writing, within fourteen days from the date of this order, why defendant Rafael Padilla Cruz should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's previous orders.

4.    Failure of plaintiff to comply with this order may result in a recommendation that defendant Cruz and/or this action be dismissed for failure to follow court orders, for failure to effect service of process within the time prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b).

IT IS FURTHER RECOMMENDED that:

1.    Defendant United Air Lines' motion to dismiss, Dckt. No. 5, be granted; and

2.    Defendant United Air Lines be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[4] As a result, the parties are not required to submit status reports as provided in the April 17, 2013 order.  Dckt. No. 3.  However, if necessary in the future, the undersigned may reschedule the status conference and require the parties to submit status reports.

1    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

3    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4    DATED:  July 11, 2013.

5

6                                           EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26