1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SYLVIA THOMAS,                              No.  2:13-cv-745-MCE-EFB PS

12                  Plaintiff,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   UNITED AIR LINES, INC.; RAFAEL
     PADILLA CRUZ; AND DOES 1-50,
15   inclusive,

16                  Defendants.

17

18        On November 6, 2013, defendant Rafael Cruz, specially appearing, filed a motion to

19   dismiss the complaint for insufficient service of process pursuant to Federal Rule of Civil

20   Procedure ("Rule") 12(b)(5) and failure to state a claim pursuant to Rule 12(b)(6).[1]  ECF No. 30.

21   Plaintiff did not file an opposition to the motion; rather, plaintiff filed a motion to strike

22   defendant's motion to dismiss and a motion for default judgment.  ECF No. 33.  For the following

23   reasons, defendant's motion must be granted and plaintiff's motions be denied.

24   /////

25   /////

26   /////

27

28   _____
        [1]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
     Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                                 1

1    I.      BACKGROUND

2          Plaintiff's complaint alleges that defendants' negligence caused her to suffer personal

3    injuries during a United Air Lines ("UAL") flight on August 19, 2009.  ECF No. 1 at 2.  Plaintiff

4    originally filed suit in the Sacramento County Superior Court on August 17, 2011.  Ex. A to Pl.'s

5    Compl., ECF No. 1 at 7-11.  The state court case was scheduled for trial to begin on April 8,

6    2013, but on April 3, 2013, plaintiff filed a Request for Dismissal of the entire action and a

7    dismissal was entered the same day.  Exs. B, C to Pl.'s Compl., ECF No. 1 at 14-15, 59.

8          Then, on April 17, 2013, plaintiff filed a complaint herein, which she labeled an

9    "Amended Complaint."  ECF No. 1.  Plaintiff alleges that this court has diversity jurisdiction

10   since plaintiff is a resident of California, and both UAL and defendant Rafael Padilla Cruz are

11   alleged to be citizens of Illinois, and the amount in controversy exceeds $75,000.  *Id*. at 1-3; *see*

12   *also* ECF No. 1-1.

13         On May 21, 2013, UAL moved to dismiss plaintiff's complaint for failure to state a claim.

14   ECF No. 5.  On July 11, 2013, findings and recommendations issued recommending that UAL's

15   motion be granted.  ECF No. 14.  In the findings and recommendations, the undersigned observed

16   that defendant Cruz had not appeared in this action, and that it did not appear from the docket that

17   Cruz had been timely and properly served.  *Id*. at 6.  Therefore, plaintiff was ordered to show

18   cause why Cruz should not be dismissed for failure to effect service of process within the time

19   prescribed by Rule 4(m).  *Id*.

20         On July 25, 2013, plaintiff responded to the order to show cause, indicating that defendant

21   Cruz was served on May 7, 2013, and that the executed summons was filed on May 20, 2013.

22   ECF No. 17.  In light of those representations, on July 30, 2013, the court discharged the July 11,

23   2013 order to show cause.  *Id*. at 1.  The court made no determination of whether service was

24   proper, but directed plaintiff to request a clerk's entry of Cruz's default if plaintiff believed

25   service was proper.  *Id*. at 2.  On August 20, 2013, the assigned district judge adopted the July 11,

26   2013, findings and recommendations and dismissed defendant UAL from this action.  ECF No.

27   19.

28   /////

                                              2

1    Then, on August 29, 2013, plaintiff requested the clerk to enter Cruz's default.  ECF No.

2    21.  On September 3, 2013, defendant UAL filed objections to plaintiff's request for entry of

3    default.  ECF No. 22.  In its objections, UAL argued that Cruz was not properly served because

4    plaintiff served process on Prentice Hall Corporation, which is the designated agent of service of

5    process for UAL, but not the designated agent for Cruz.  *Id*. at 2.  On September 4, 2013, the

6    clerk declined plaintiff's request for entry of default, stating that defendant Cruz was improperly

7    served through Prentice Hall Corporation.  ECF No. 26.

8    On November 6, 2013, defendant Cruz filed the instant motion to dismiss.  Cruz argues

9    that plaintiff's claim against him should be dismissed because he was never properly served and,

10   in any event, plaintiff's personal injury claim is barred by the statute of limitations.  ECF No. 30-

11   1.  As explained below, the undersigned finds that Cruz was not properly served and that the

12   action is barred by the statute of limitations.

13   II.    RULE 12(B)(5) MOTION

14        A.    Standard

15   Rule 12(b) (5) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for

16   insufficiency of service of process.  The plaintiff bears the burden of establishing that service was

17   properly effected.  *Solorio v. Astrue*, No. 07-CV-0508-H (POR), 2008 WL 5122177, *1 (N.D.

18   Cal. Dec. 5, 2008).  An individual may be served by following state law for service of process,

19   delivering a copy of the summons and complaint to the individual personally, and leaving a copy

20   of each at the individual's dwelling with someone of suitable age, or by delivering a copy of each

21   to an agent authorized to receive process on the individual's behalf.  Fed. R. Civ. P. 4(e).

22   If a plaintiff fails to timely serve an opposing party, the court may either dismiss the

23   action without prejudice as to that defendant or direct the plaintiff to effect service within a

24   specified time.  Fed. R. Civ. P. 4(m).  Where the plaintiff demonstrates good cause for his failure

25   to effect service, the court must extend the time for service.  *Id*.  Absent a showing of good cause,

26   it is within the court's discretion whether or not to extend time.  *United States v. 2,164 Watches*,

27   366 F.3d 767, 772 (9th Cir. 2004).

28   /////

3

1          B.      Analysis

2          Plaintiff first contends that the court has already determined in its July 30, 2013 order that

3   plaintiff properly served Cruz.  ECF No. 33-1.  Plaintiff is mistaken.  That order expressly states

4   that the court "has not considered or determined whether service was, in fact, proper."  ECF No.

5   18 at 2 n.1.  The court directed plaintiff to request the clerk of the court enter Cruz's default "[i]f

6   plaintiff believes that service on Cruz was proper and that Cruz failed to timely respond to the

7   complaint."  Id. at 2.  Contrary to plaintiff's belief, this court has not previously decided whether

8   Cruz was properly served.

9          According to pleadings filed in this action, plaintiff contends that Cruz was properly

10  served by delivering a copy of the summons and complaint on Prentice Hall Corporation on May

11  14, 2013.  ECF No. 28 at 3, 11.  Thus, plaintiff appears to believe that service of process was

12  properly competed by leaving a copy of the summons and complaint with an agent authorized to

13  receive service on behalf of Cruz.  See Fed. R. Civ. P. 4(e)(2)(C).  Although there is no dispute

14  that such documents were delivered to Prentice Hall Corporation, plaintiff has failed to show that

15  Prentice Hall Corporation is authorized to accept service on behalf of Cruz.  A search of the

16  California Secretary of State's website reveals that Prentice Hall is authorized to accept service

17  for defendant UAL.  There is no indication, however, that it is also authorized to accept service of

18  process on behalf of Cruz.  Accordingly, the court finds that plaintiff failed to properly serve Cruz

19  as required by the Federal Rule of Civil Procedure.[2]

20         While it is within the court's discretion to provide plaintiff additional time to effective

21  service of process, additional time would be futile in this case.  As explained below, plaintiff's

22  complaint must also be dismissed because his claim against Cruz is time-barred.

23  /////

24  /////

25  /////

26  _____

27         [2]  Plaintiff's motion to strike is premised on her contention that Cruz's motion to dismiss is untimely because he failed to file it within 21 days of being served.  See generally ECF No. 33-

28  1.  As plaintiff has failed to show that Cruz was properly served, plaintiff's motion to strike Cruz's motion to dismiss is denied.

III.     RULE 12(b)(6) MOTION

     A.  Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

The court is mindful of plaintiff's pro se status. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to

1   accept legal conclusions cast in the form of factual allegations if those conclusions cannot

2   reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752,

3   754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

4   deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

5         B.     <u>Discussion</u>

6         The core allegation of the complaint as to Cruz is that he contributed to injuries plaintiff

7   sustained during the August 19, 2009 flight on United Air Lines.  ECF No. 1 at 2.  Cruz argues

8   that the claim is barred by the statute of limitations.  ECF No. 30-1 at 5-6.  Cruz contends that

9   because the personal injury allegations are based on an August 2009 alleged incident, California's

10  two year statute of limitations for negligence claims expired in August 2011. *Id.* (citing Cal. Civ.

11  Proc. Code § 335.1; *Crowley v. Peterson*, 206 F. Supp. 2d 1038 (C.D. Cal. 2002) (noting that

12  when a plaintiff is injured as the result of an accident, the statute of limitations on a personal

13  injury claim begins to run when the accident occurs)).  Cruz contends that because plaintiff filed

14  her complaint on April 17, 2013, well beyond the expiration of the statute of limitations, her

15  claims are time-barred. *Id.* at 6.

16        Plaintiff does not dispute that California Code of Civil Procedure section 335.1 applies

17  here.  Neither does she dispute that Section 335.1 establishes a two year statute of limitations for

18  personal injury claims.  Cal. Civ. Proc. Code § 335.1; *Guaranty Trust Co. of New York v. York*,

19  326 U.S. 99, 110 (1945).  Plaintiff also does not dispute that her personal injury claim is based on

20  an alleged incident that occurred in August 2009.  Therefore, plaintiff's claim against Cruz is

21  barred by the statute of limitations and Cruz's motion to dismiss must be granted.

22  IV.    <u>MOTION FOR DEFAULT JUDGMENT</u>

23        Plaintiff also requests that the court enter default judgment against Cruz.  Federal Rule of

24  Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative

25  relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

26  otherwise, the clerk must enter the party's default."[3]  Entry of default against a defendant cuts off

27

28        [3]  Because the court finds that entry of default under Federal Rule of Civil Procedure 55(a)
is improper, the standards for entry of default judgment under Rule 55(b) need not be addressed.

1   that defendant's right to appear in the action or to present evidence.  *Clifton v. Tomb*, 21 F.2d 893,

2   897 (4th Cir. 1927).

3       Here, the clerk of court denied plaintiff's request for entry of default on the ground that

4   Cruz was not properly served. [4]  ECF No. 26.  As previously discussed, plaintiff failed to

5   demonstrate that she properly served Cruz.  Furthermore, even had plaintiff properly effected

6   service of process, this court could not enter default judgment against Cruz because he has

7   already filed a response to the complaint.  *See Horton v. Sierra Conservative Ctr.*, 2010 WL

8   743849, at *1 (E.D. Cal. Mar. 1, 2010) (citing *Mitchell v. Brown & Williamson Tobacco Corp.*,

9   294 F.3d 1309, 1317 (11th Cir. 2002); *Direct Mail Specialists, Inc. v. Eclat Computerized*

10  *Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (no default can be entered if defendant has

11  filed a response indicating its intent to defend the action)).  Therefore, there is no basis for

12  granting default judgment here.

13  V.      CONCLUSION

14      Based on the foregoing, it is hereby ORDERED that plaintiff's motion to strike, ECF No.

15  33, is denied.

16      Further, it is hereby RECOMMENDED that:

17      1.  Defendant Cruz's motion to dismiss, ECF No. 30, be granted;

18      2.  Plaintiff's complaint be dismissed without leave to amend;

19      3.  Plaintiff's motion for default judgment, ECF No. 33, be denied;

20      3.  The Clerk be directed enter judgment in defendants' favor; and

21      4.  The Clerk be directed to close the case.

22      These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  _____

27      [4] The docket reveals that the clerk entered Cruz's default on September 4, 2013.  ECF No. 24.  However, the clerk vacated the entry of default, stating that the entry of default was issued in error.  ECF No. 25.  The clerk subsequently declined plaintiff's request for entry of default.  ECF No. 26.

28

1   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

3   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  December 12, 2013.

5

6   EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28