UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA THOMAS, | No. 2:13-cv-00745-MCE-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED AIR LINES, INC., et al., | |
| Defendants. | |

On April 17, 2013, Plaintiff Sylvia Thomas ("Plaintiff"), proceeding pro se, filed a Complaint against Defendants United Air Lines, Inc. ("United") and Rafael Padilla Cruz ("Cruz") (collectively "Defendants"). ECF No. 1. The Court dismissed Plaintiff's claims against Defendants as barred by the statute of limitations. See ECF Nos. 14, 19, 39, 45. Judgment was entered against Plaintiff on January 29, 2014. ECF No. 46. Plaintiff now moves to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). See Mot., Feb. 25, 2014, ECF No. 47.[1]

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

(1988).  This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)).  While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)).  Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e).  Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987)).  A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier in the litigation.  389 Orange St. Partners, 179 F.3d at 665.  Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show that "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Finally, motions for relief from judgment pursuant to Rule 59(e) are

addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiff requests that the Court re-open this action to account for new evidence and to correct clear error or prevent manifest injustice. Mot., ECF No. 47. However, her purportedly new evidence (a declaration of her former attorney dated September 23, 2013, a declaration from her primary care physician dated September 13, 2013, and state court minutes dated March 21, 2013 as new evidence) was all available – indeed, it was already before this Court – before termination of these proceedings. In fact, not only did Plaintiff rely on the information included in these three documents to support her position earlier in these proceedings, but she also did so in her prior state court. Moreover, even if these documents were to be considered new evidence, they do not allow Plaintiff to overcome the statute of limitations. Similarly, Plaintiff's contention that the Court must take action to correct clear error or prevent manifest injustice is a mere recital of Plaintiff's previous arguments. Accordingly, Plaintiff's motion to alter or amend the judgment, ECF No. 47, is DENIED.

IT IS SO ORDERED.

Dated: April 17, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT